**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| RUTH ALCANTARA<br>11674 LITTLE PATUXENT PARKWAY<br>APT. 203<br>COLUMBIA, MD 21044<br>(Howard County, Maryland)<br><br>*on her own behalf and on behalf of<br>all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORP.<br>19603 S. VERMONT AVENUE<br>TORRANCE, CA 90502<br>    Serve on:    The Corporation Trust Inc.<br>                      351 West Camden Street<br>                      Baltimore, MD 21201<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br><br><br><br>Case No. _____ |

**CLASS ACTION COMPLAINT**

Plaintiff Ruth Alcantara ("Named Plaintiff" or "Alcantara"), on her own behalf and on behalf of all others similarly situated, through her attorney Cory L. Zajdel, Esq. and Z LAW, LLC, hereby submits this Class Action Complaint against Defendant American Honda Finance Corp. (collectively "Honda Finance") and for support states as follows:

**I.    PRELIMINARY STATEMENT**

1.    Alcantara institutes this class action against Honda Finance on her own behalf and on behalf of all others similarly situated for violating statutory and common law obligations and seeks to recover statutory damages, actual damages and attorney fees of this action against

Honda Finance for multiple violations of the Maryland Motor Vehicle Leasing Act, Md. Code Ann., Comm. Law §§ 14-2001 to 14-2010 ("MMVLA") and Maryland Common Law.

2. Honda Finance leases passenger motor vehicles, truck motor vehicles and multipurpose motor vehicles ("vehicles").

3. Honda Finance has leased vehicles to more than one thousand lessees in Maryland each year from 2000 to the present.

4. Each year from 2000 to the present, Honda Finance repossessed leased vehicles originated in Maryland from more than one hundred lessees.

5. In the event its lessees fail to reinstate the contract or redeem the vehicles following repossession, Honda Finance sells the lessees' vehicles and applies the proceeds toward the balance on the lessees' lease and value of the vehicle.

6. In most cases, the sum Honda Finance obtains from the sale of the leased vehicles is not sufficient to pay off the value of the leased vehicles, resulting in a deficiency balance.

7. Honda Finance's routine business practice is to send its lessees form notices of the repossession after the repossession ("redemption notice"), form notices of the plan to sell ("pre-sale notice") and form notices of the claimed deficiency ("post-sale notice") after the sale of the leased vehicle or power equipment in which it demands payment.

8. If a deficiency balance remains on the lease after Honda Finance sells the leased vehicle, Honda Finance pursues collection actions including referring the lease accounts to collection attorneys, filing suit against Honda Finance lessees, selling the open lease accounts to debt buyers or referring the lease accounts to debt collectors.

9. Through its use of deficient form redemption, pre-sale and post-sale notices, Honda Finance has deprived its lessees of valuable rights mandated by Maryland law.

10. Honda Finance violated Maryland law by: (1) failing to provide the exact location where the leased vehicles would be sold; (2) failing to provide the exact time and date when the leased vehicles would be sold; and (3) affirmatively representing to class members that Honda Finance was entitled to a deficiency balance on the leased vehicles, which in fact, class members did not owe and Honda Finance could not collect.

11. As a result of Honda Finance's acts and omissions, Maryland law prohibits Honda Finance from collecting any alleged deficiency which remains after sale of the repossessed leased vehicles. Maryland law also enables Named Plaintiff and the Class to seek and recover statutory penalties, monetary damages and injunctive relief.

12. Honda Finance's violations of Maryland law have enriched Honda Finance unfairly at the expense of Maryland lessees, a practice this suit seeks to end.

13. Honda Finance's use of deficient form redemption, pre-sale and post-sale notices which omit material information required by Maryland law and which also affirmatively misrepresents required information makes this case particularly suitable for resolution through a class action lawsuit.

## II. **JURISDICTION**

14. This Court has jurisdiction over this case under 28 U.S.C. §§ 1332, 1441, 1446, 1453 and the Class Action Fairness Act of 2005.

15. Venue in the United States District Court for the District of Maryland (Northern Division) is proper pursuant to 28 U.S.C. § 1391.

16. Named Plaintiff currently resides in the Northern Division.

**III.   PARTIES**

17.   Plaintiff Ruth Alcantara is a natural person currently residing at 11674 Little Patuxent Parkway, Apt. 203, Columbia, MD 21044 (Howard County, Maryland).

18.   Defendant American Honda Finance Corp. is a California corporation doing business within this state and with its principle place of business located at 19603 S. Vermont Avenue, Torrance, CA 90502.

**IV.   FACTUAL ALLEGATIONS**

19.   Alcantara leased a vehicle best described as a 2008 Honda Accord from Honda Finance in 2008 in Maryland.

20.   Alcantara leased the 2008 Honda Accord from Honda Finance primarily for personal, family and household purposes.

21.   Alcantara made payments to Honda Finance.

22.   Honda Finance received payments from Alcantara.

23.   Honda Finance and/or its agents seized and repossessed the 2008 Honda Accord in 2008.

24.   Honda Finance wrote to Alcantara in 2008 in a pre-sale notice.

25.   The pre-sale notice failed to state the location where the 2008 Honda Accord would be sold.

26.   The pre-sale notice failed to state the time when the 2008 Honda Accord would be sold.

27.   The pre-sale notice failed to state the specific date when the 2008 Honda Accord would be sold.

28. Honda Finance again wrote to Alcantara in 2008 in a post-sale notice, notifying Alcantara that the 2008 Honda Accord was sold.

29. The post-sale notice provided Alcantara with a partial and inaccurate accounting and told Alcantara that a deficiency balance existed on her lease account after the sale of her 2008 Honda Accord.

30. Honda Finance took the proceeds from the sale of the 2008 Honda Accord and applied it to Alcantara's lease account and to other fees and charges associated with the repossession.

31. Honda Finance made attempts to collect the claimed outstanding deficiency balance from Alcantara after the post-sale notice was mailed.

## V. CLASS ACTION ALLEGATIONS

32. Named Plaintiff brings this action on behalf of a Class which consists of:

> **All persons who entered into a lease agreement in Maryland with American Honda Finance Corp. and whose vehicle was repossessed by American Honda Finance Corp.**

Excluded from the Class are those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals.

33. The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

34. The Class consists of, at a minimum, more than seventy-five lessees who entered into a lease with Honda Finance and whose vehicle was subsequently repossessed, and is thus so numerous that joinder of all members is clearly impracticable under Fed. R. Civ. P. 23(a)(1).

35. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members. Fed. R. Civ. P.

23(a)(2).

36.     The common and predominating question include but are not limited to:

(a)     Whether Honda Finance failed to provide pre-sale notices required by and compliant with MMVLA § 14-2009(b)(2) to lessees whose vehicles were repossessed;

(b)     Whether Honda Finance failed to provide post-sale notices required by and compliant with MMVLA § 14-2009(c) to lessees whose vehicles were repossessed;

(c)     Whether Honda Finance misrepresented in writing to the Class its right to collect funds from members of the Class; and

(d)     Whether Honda Finance assessed, attempted to collect and/or collected deficiency balances from members of the Class that it had no legal right to demand or collect, and for which the Class members were not liable.

37.     Claims of Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Honda Finance.

38.     Plaintiff will fairly and adequately protect the interests of the Class within the meaning of Fed. R. Civ. P. 23(a)(4).

39.     Plaintiff is committed to vigorously litigating this matter.

40.     Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

41.     Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

42. Honda Finance's actions are generally applicable to the respective Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2).

43. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. Fed. R. Civ. P. 23(b)(3).

44. A class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Fed. R. Civ. P. 23(b)(3).

45. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

46. Plaintiffs' counsel is experienced in class actions, and foresees little difficulty in the management of this case as a class action.

## VI. CAUSES OF ACTION

### COUNT ONE
### (MARYLAND MOTOR VEHICLE LEASING ACT)

47. Alcantara re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

48. Maryland Motor Vehicle Leasing Act ("MMVLA"), Md. Code Ann., Comm. Law §§ 14-2001 to 14-2010, requires a lessor to provide notices and the information that is required to be contained there within with respect to the repossession and sale of a leased vehicle.

49. When a lessor fails to provide fully compliant notices with respect to the repossession and sale of a leased vehicle, the lessor must pay actual and statutory damages and also is not entitled to a deficiency judgment against a lessee.

50. In violation of MMVLA, Honda Finance failed to provide Named Plaintiff and the Class with the required notices and information that must be contained there within prior to

and after repossessing the leased vehicles, including but not limited to:

    a. failing to provide the exact location where the leased vehicle would be sold;

    b. failing to provide the exact time and date the leased vehicle would be sold;

    c. failing to provide a full accounting after the private sale;

    d. failing to provide accurate information in the accounting after the private sale; and

    e. affirmatively representing to Class members that Honda Finance was entitled to a deficiency balance, which in fact, Class members did not owe and Honda Finance could not collect.

51. As a result of Honda Finance's violations of MMVLA, Named Plaintiff and the Class have been damaged.

## COUNT TWO
### (BREACH OF CONTRACT/LEASE)

52. Alcantara re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

53. MMVLA was in effect at the time Named Plaintiff and all other Class Members' entered into leases with Honda Finance and MMVLA is a part of every vehicle lease entered into in the state of Maryland.

54. Named Plaintiff and all Class Members leases are governed by MMVLA.

55. The provisions of the MMVLA become a part of the leases just as if the parties expressly included the MMVLA provisions in their leases.

56. When Honda Finance violated MMVLA as set forth herein, Honda Finance materially breached its leases with Named Plaintiff and the Class.

57. As a result of Honda Finance's breach of lease with Named Plaintiff and the

Class, Named Plaintiff and the Class have been damaged.

58. Named Plaintiff and the Class have been deprived of the substantial rights granted to them by MMVLA and under their leases as set forth above.

59. Named Plaintiff and the Class have sustained financial damages as a result of Honda Finance's collection of money on leases after the insufficient pre-sale notices were provided to Named Plaintiff and Class members.

60. Named Plaintiff and the Class also sustained statutory damages as a result of Honda Finance's breach of lease.

61. Named Plaintiff and the Class sustained other damages and losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of this case;

B. Enter an order certifying the Class under Fed. R. Civ. P. 23(b)(2) and (b)(3).

C. Enter an order requiring that Honda Finance pay to Named Plaintiff and the Class the statutory damages imposed by MMVLA, § 14-2007(a)(1), by returning to Named Plaintiff and the Class all amounts collected by Honda Finance after Honda Finance violated the repossession notice requirements of MMVLA;

D. Enter an order requiring that Honda Finance pay to Named Plaintiff and the Class the statutory penalties imposed by MMVLA, § 14-2007(a)(2), between $100 and $1,000 per Class Member;

E. Order that due to its violations of MMVLA, Honda Finance cannot collect the principal amount of the loans and is not entitled to a deficiency or a deficiency judgment;

F. Enter an order requiring Honda Finance within 30 days to notify all credit reporting agencies to whom it reports that (i) Named Plaintiff and members of the Class have a zero balance on their lease accounts, and (ii) removing any notation to the effect that the lease accounts have been charged off;

G. Award Named Plaintiff and members of the Class reasonable attorney's fees in accordance with MMVLA, § 14-2007(b)(1).

H. Enter judgment in favor of Named Plaintiff and members of the Class against Honda Finance for such compensatory damages as the evidence shall warrant;

I. Enter an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and members of the Class; and

J. Award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: May 25, 2011

By**:** /s/ 28191
Cory L. Zajdel, Esq.
10811 Red Run Blvd., Suite 204
Owings Mills, Maryland 21117
(443) 213-1977

**Attorney for Plaintiff and the Class**

- 11 -

## **JURY TRIAL**

Named Plaintiff Ruth Alcantara on behalf of herself and all others similarly situated demands trial by jury.

__/s/  28191_____
Cory L. Zajdel
